UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

BULLITT COUNTY CHOICE, *et al.*                                                            PLAINTIFFS

v.                                                              CIVIL ACTION NO. 3:11-CV-00210

BULLITT COUNTY BOARD OF HEALTH                                                      DEFENDANT

### MEMORANDUM OPINION

This matter is before the court on defendant Bullitt County Board of Health's ("Board of Health") motion to dismiss the complaint (DN 4). Plaintiffs filed a response to that motion to dismiss (DN 7), followed by a motion to provide supplemental state court authority in opposition to the motion to dismiss (DN 9). The Board of Health also filed a supplemental motion to dismiss the complaint (DN 12).

### I.

On March 22, 2011, the Bullitt County Board of Health enacted Regulation 10-01, entitled "A Regulation Related to the Protection of the Public Health and Welfare by Regulating Smoking in Public Places and Places of Employment." Regulation 10-01 prohibited smoking in enclosed public places, places of employment, and private clubs in Bullitt County. Bullitt County Board of Health Regulation 10-01 §§ 4, 5, 6. The definition of "smoking" in the regulation included not only tobacco products, but also "e-cigarettes," which the regulation defined as "electronic oral device[s] . . . which provide[] a vapor of nicotine or any other substances, and the use or inhalation of which simulates smoking." *Id.* § 2(D), (L). Persons in control of premises covered by the regulation's smoking ban were required to place no smoking signs on the

premises and to remove ashtrays from the premises. *Id.* § 10. Other sections of the regulation provided mechanisms for its enforcement and penalties for violations of the regulation. *Id.* §§ 12, 13. The regulation was to take effect on September 19, 2011.

On April 6, 2011, the plaintiffs in this case–a group of citizens and business owners that reside or are located in Bullitt County, three businesses located in Bullitt County, and a resident citizen of Bullitt County–filed a complaint in this court against the Board of Health. The plaintiffs brought a litany of claims concerning the regulation, including that the regulation and its enactment violated the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution and that local regulation of smoking was preempted by federal law. The plaintiffs also contended that the regulation and its enactment violated aspects of Kentucky law, including that the Board of Health exceeded its authority under Kentucky statutes and the Kentucky Constitution by adopting the regulation. On May 12, 2011, the Board of Health filed a motion to dismiss the complaint. Plaintiffs responded in papers dated June 6, 2011, and the Board of Health submitted a reply on June 23, 2011.

Meanwhile, the Bullitt Fiscal Court and several municipalities within Bullitt County also filed a civil action against the Board of Health in the Bullitt County, Kentucky, Circuit Court. On September 15, 2011, four days prior to the effective date of the regulation, the state trial court issued a decision and order declaring Regulation 10-01 void and unlawful and permanently enjoining the Board of Health from implementing or enforcing the regulation. In its 13-page opinion, the state court held that the Board of Health did not have the authority under Kentucky law to issue Regulation 10-01.

After the state court issued its order enjoining the implementation or enforcement of Regulation 10-01, both parties made supplemental filings in this court relating to the motion to dismiss. The plaintiffs moved for leave to file the state court decision as supplemental authority in support of the their opposition to the Board of Health's motion to dismiss. The plaintiffs argued that the state court decision would assist this court because it showed that another court had rejected the Board of Health's position regarding whether it had authority to pass the regulation.

The Board of Health did not file a response to plaintiffs' motion for leave to file the state court decision. Instead, the Board of Health filed a supplemental motion to dismiss the complaint. The Board of Health first noted that it did not oppose this court considering the state court order. Rather, the Board of Health contended that the state court order rendered the issues in this case moot and sought dismissal of the plaintiffs' claims. In the alternative, the Board of Health requested that the plaintiffs' claims be held in abeyance pending resolution of any appeal of the state order. Plaintiffs filed no response to the Board of Health's supplemental motion to dismiss the complaint.

## II.

As an initial matter, this court will, in accordance with the wishes of both parties, consider the Kentucky state court decision in rendering its decision on the Board of Health's motions to dismiss. The fact that a Kentucky state court has enjoined implementation of Regulation 10-01 is a proper subject for judicial notice, to provide the factual context for this case. FED. R. CIV. P. 201; *see Toth v. Grand Trunk R.R.*, 306 F.3d 335, 349 (6th Cir. 2002) (judicial notice not appropriate to "establish the legal principles governing the case," but a "legal

rule may be a proper fact for judicial notice if it is offered to establish the factual context of the case"); *United States v. Garland*, 991 F.2d 328, 332 (6th Cir. 1993) (judicial notice of judgment in Ghanian court was proper to prove that the judgment was rendered).

In light of the fact that the state court enjoined the Board of Health from implementing or enforcing Regulation 10-01 on state grounds, a stay of the current proceedings pending the resolution of any appeal of the state order is appropriate under the doctrine stemming from the case of *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496 (1941). In *Pullman*, the plaintiffs brought a civil rights challenge in federal court, premised on the 14th Amendment, against a regulation enacted by the Texas railroad agency. A question arose as to whether the agency had the authority under state law to promulgate the regulation. *Pullman*, 312 U.S. at 498-499. The Supreme Court held that it was appropriate for the federal court to retain jurisdiction but abstain from deciding the case until the federal plaintiffs could proceed through the state courts to attempt to obtain a ruling on that uncertain issue of state law. *Id.* at 501-502.

In *Askew v. Hargrave*, 401 U.S. 476 (1971), the Supreme Court was confronted with a case in which a Florida statute was challenged in federal court as violative of the federal constitution. *Askew*, 401 U.S. at 477. While the case was pending in the District Court, a separate lawsuit was filed in Florida court challenging the statute on state law grounds. *Id.* at 477-478. The Supreme Court held that it was error for the District Court to decline to abstain pending the outcome of the state court proceeding, since the state lawsuit alleged primarily state law claims which, if sustained, would "obviate the necessity of determining" the federal constitutional question. *Id.* at 478.

In reviewing the types of cases in which *Pullman* abstention is appropriate, the Supreme Court has stated, "Where there is an action pending in state court that will likely resolve the state-law questions underlying [a] federal claim, we have regularly ordered abstention. Similarly, when the state-law questions have concerned matters peculiarly within the province of the local courts, we have inclined toward abstention." *Harris County Commissioners Court v. Moore*, 420 U.S. 77, 83-84 (1975) (internal citations omitted). "Among the cases that call most insistently for abstention are those in which the federal constitutional challenge turns on a state statute, the meaning of which is unclear under state law. If the state courts would be likely to construe the statute in a fashion that would avoid the need for a federal constitutional ruling, . . . the argument for abstention is strong." *Id.* at 84.

Here, a stay of this case pending the resolution of an appeal from the lower state court's order enjoining the regulation is appropriate. The state law issues surrounding the Board of Health's authority to issue the regulation are substantial. The plaintiffs in this case raise those very issues in addition to their federal claims. Specifically, the plaintiffs ask this court to determine:

> whether the Bullitt County Board of Health overstepped its statutory authority and violated the separation of powers doctrine under Kentucky common law by adopting a smoking ban regulation not authorized by the Kentucky General Assembly by statute, by the Kentucky Cabinet for Health and Family Services by regulation, or any of the legislative bodies of Bullitt County, Kentucky, by local law or ordinance."

However, that very question is wending its way through the appellate courts of Kentucky. There is little doubt that Kentucky courts are the most appropriate place to answer such a question. *Pullman*, 312 U.S. at 499-500 (last word on statutory authority of Texas state agency to issue regulation belonged not to any federal court, but to the high court of Texas).

Moreover, the resolution of that question may very well obviate the need for this court to confront the constitutional issues relating to Regulation 10-01 that the plaintiffs have put forth for this court's determination. As it currently stands, a Kentucky trial court has already found that the Board of Health did not have authority under Kentucky law to enact the regulation. If the appellate courts uphold that finding it would "avoid the need for a federal constitutional ruling." *Moore*, 420 U.S. at 84. Since there is a pending Kentucky proceeding that will resolve a difficult issue of state law, the resolution of which may prevent this court from having to decide federal constitutional issues, a stay of the proceedings is appropriate here. *See Tyler v. Collins*, 709 F.2d 1106, 1108-1109 (6th Cir. 1983) (abstention appropriate where state proceedings challenging a state statute under the state constitution were pending on appeal and the resolution of that appeal could obviate the need for a decision on federal constitutional grounds).

Finally, this court notes that there will be little prejudice to the plaintiffs here from the delay that will result from the stay pending the resolution of the state appeal process. A state court has enjoined implementation and enforcement of the regulation; thus, the plaintiffs are not currently subject to the mandates of the regulation. This court further notes that, because the plaintiffs did not respond in any way to the Board of Health's supplemental motion to dismiss or to stay the action, the plaintiffs have not suggested that they would suffer any prejudice if the action were held in abeyance.

## CONCLUSION

Because there is a pending Kentucky state court proceeding concerning the substantial issues of state law relating to Regulation 10-01, and the resolution of that proceeding may

obviate this court's need to decide the federal constitutional questions posed by the plaintiffs, this court will stay the proceedings in this case pending the resolution of that appeal.

A separate order will issue in accordance with this opinion.

March 20, 2012

Charles R. Simpson III, Judge
United States District Court